UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

LAWRENCE PEREZ,

                            Plaintiff,

                                                            Case # 14-CV-6349-FPG

v.

                                                            DECISION & ORDER

MARCO HUME, et al,

                            Defendants.

## INTRODUCTION

*Pro se* Plaintiff Lawrence Perez ("Plaintiff") brings this action under 42 U.S.C. § 1983 against Defendants Dale A. Artus, Corey Bedard, Marco Hume, Sergeant Olles, Officr J. Schuck, and Sergeant Sippel ("Defendants").  ECF No. 8.  Plaintiff alleges violations of his constitutional rights while housed at Attica Correctional Facility in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS").  *Id.*  Defendants' Motion for Summary Judgment (ECF No. 10) is currently pending before the Court.  For the reasons stated below, Defendants' motion is denied.   Additionally, Plaintiff's Amended Complaint against Defendants Artus, Bedard, Hume, and Schuck will go forward, but Plaintiff's claim against Defendant Olles is dismissed.  Finally, the time to serve the Amended Complaint is extended.

## BACKGROUND

On January 28, 2014, Defendant Schuck, an Attica correctional officer, conducted a frisk of Plaintiff's cell.  ECF Nos. 8 at 5; 10-1 at ¶1.  During that frisk, Defendant Schuck found eleven pages of documents, consisting of a Wikipedia page and a New York Times article, regarding a Puerto Rican nationalist group.  ECF Nos. 8 at 5; 10-1 at ¶1.   After finding those

1

documents, Defendant Schuck confiscated them and authored a misbehavior report accusing Plaintiff of violating Inmate Rule 105.14.  ECF Nos. 8 at 5; 10-3 at 8.  Rule 105.14 prohibits inmates from possessing "material relating to an unauthorized organization where such material advocates . . . violence based on race, religion, sex, sexual orientation, creed, law enforcement status, or violence or acts of disobedience against department employees or that could facilitate organization activity within the institution by an unauthorized organization."  ECF Nos. 8 at 11; 10-4 at 6.  Later, Defendant Sippel endorsed Defendant Schuck's misbehavior report.  ECF No. 8 at 5.

Eight days after Defendant Schuck's frisk of Plaintiff's cell, Defendant Hume held a hearing on the Rule 105.14 charge.  ECF Nos. 8 at 5; 10-1 at ¶3.  Defendant Olles testified at that hearing about the nature of the documents.  ECF Nos. 8 at 5-6; 10-1 at ¶¶5-7.  Relying on the testimony of Defendant Olles and the misbehavior report, Defendant Hume found Plaintiff guilty and sentenced him to nine months in the Special Housing Unit.  ECF Nos. 8 at 6; 10-1 at ¶8.  On February 10, 2014, Defendant Artus affirmed Defendant Hume's decision.  ECF Nos. 8 at 10; 10-1 at ¶9.  On March 31, 2014, Defendant Bedard denied Plaintiff's administrative appeal of the disciplinary sanction.  ECF Nos. 8 at 10; 10-1 at ¶10.

On June 24, 2014, Plaintiff filed his Complaint in this Court against Defendants Artus, Bedard, and Hume.  ECF No. 1.  That same day, he filed a motion for leave to proceed *in forma pauperis*.  ECF No. 2.  Subsequently, the Court conducted an initial screening of Plaintiff's complaint as required by 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a), and on September 19, 2014, Plaintiff's motion leave to proceed *in forma pauperis* was granted.  ECF No. 3.  Accordingly, the Court directed the Clerk of Court to have the United States Marshal's Service serve Defendants

Artus, Bedard, and Hume as required by 28 U.S.C. § 1915(d).  *Id.*  Those defendants were served on November 20, 2014.  ECF No. 4.

On January 20, 2015, Plaintiff filed a motion to amend his complaint.  ECF No. 5.  That same day, Defendants Artus, Bedard, and Hume requested, and the Court granted, an extension of time to file their responsive pleadings.  ECF No. 6.  Defendants' response was due 30 days after Plaintiff filed his Amended Complaint.  *Id.*  Plaintiff filed his Amended Complaint on February 27, 2015, adding Defendants Olles, Schuck, and Sippel.  ECF No. 8.  Eighteen days later, but before the Court screened Plaintiff's Amended Complaint or had the added defendants served, Defendants Artus, Bedard, and Hume moved for summary judgment.  ECF No. 10.

## DISCUSSION

**I.    Motion for Summary Judgment**

Because Defendant's motion for summary judgment is not ripe for review, it is denied without prejudice.  Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact" and that they are "entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).  A motion for summary judgment may be filed "at any time until 30 days after the close of all discovery."  FED. R. CIV. P. 56(b).  Indeed, "both the Second Circuit Court of Appeals and courts from within this district have indicated that a party may be granted summary judgment before an answer is filed."  *Nelson v. Deming*, 140 F. Supp. 3d 248, 257 (W.D.N.Y. 2015) (collecting cases).  That said, summary judgment is generally not appropriate until after some discovery has occurred.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  That is because summary judgment tests the sufficiency of the evidence, *see* FED. R. CIV. P. 56(a), and the parties obtain the evidence through discovery.  *See generally* FED. R. CIV. P. 26; *Celotex*, 477 U.S. at 322.  "Only in the rarest of cases may summary judgment be granted against

a plaintiff who has not been afforded the opportunity to conduct discovery." *Hellstrom v. U.S. Dep't of Veterans Affairs*, 201 F.3d 94, 97 (2d Cir. 2000).

In the rare instance where summary judgment is appropriate before discovery, it is evident from the face of the complaint that discovery would be futile. *See, e.g.*, *Nelson*, 2015 WL 6452386, at *5 (granting defendants' pre-discovery motion for summary judgment because "[t]he facts contained in the attachments to [p]laintiff's own complaint contradict[ed] his claim"); *Parra v. Wright*, No. 11-CV-6270, 2013 WL 6669235, at *7 (W.D.N.Y. Dec. 18, 2013) (granting defendants' pre-discovery motion for summary judgment on exhaustion grounds because the facts were "not disputed, and it does not appear that any amount of discovery would change the outcome"). Only "where it is clear that the nonmoving party cannot defeat the motion by showing facts sufficient to require a trial for resolution," may summary judgement be granted "notwithstanding the absence of discovery." *Nelson*, 2015 WL 6452386, at *5 (internal quotation marks omitted); *see also Trebor Sportswear Co. v. The Ltd. Stores, Inc.*, 865 F.2d 506, 511 (2d Cir. 1989) ("The nonmoving party should not be 'railroaded' into his offer of proof in opposition to summary judgment.") (citing *Celotex*, 477 U.S. at 326).

Here, Defendants' motion for summary judgment was filed in lieu of an answer, prior to any discovery, and before the Court conducted an initial screening and effected service of the Amended Complaint on three of the Defendants. In the motion, Defendants provide no explanation or argument as to why summary judgment should be granted at this stage. Because this is not one of "the rarest of cases" where summary judgment may be granted prior to discovery, let alone before the Court has screened the complaint, Defendant's motion is denied without prejudice.

## II.    Screening

Under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a), the Court must conduct an initial screening of Plaintiff's Amended Complaint.  In doing so, the Court must accept as true all of the factual allegations and must draw all inferences in Plaintiff's favor.  *See King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999).  While "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis,* 357 F.3d 197, 200 (2d Cir. 2004), even pleadings submitted *pro se* must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure.  *Wynder v. McMahon*, 360 F.3d 73 (2d Cir. 2004).  That is to say, Plaintiff must provide "a short and plain statement of the claim showing that [he] is entitled to relief."  FED. R. CIV. P. 8(a)(2).  After reviewing the Amended Complaint, the Court finds that Plaintiff's Amended Complaint sufficiently states a claim under § 1983 against Defendants Schuck and Sippel for First Amendment violations and against Defendants Hume, Bedard, and Artus for due process violations.  However, Plaintiff's amended complaint fails to state a claim against Defendant Olles, and that claim must be dismissed.

### a.    First Amendment Claim against Defendants Schuck and Sippel

Reading Plaintiff's allegations liberally, he alleges that Rule 105.14 did not prescribe the confiscation of his documents, that Defendant Schuck instead confiscated the documents for reasons of personal prejudice, and that Defendant Sippel endorsed Defendant Schuck's actions based on interdepartmental loyalty.  ECF No. 8 at 5.  On those grounds, Plaintiff alleges the confiscation of his documents did not support legitimate, penological interests and thus violated his First Amendment rights.  *Id.*  "A prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objections of the corrections system."  *Shakur v. Selsky*, 391 F.3d 106, 113 (2d Cir. 2004).  The legitimate

penological objective must also be "neutral," and "personal prejudices" are not neutral objectives. *Thornburg v. Abbott*, 490 U.S. 401, 414 (1989). Further, "failure to abide by established procedures or standards can evince an improper objective." *Shakur*, 391 F.3d at 116. Applying that framework here, and accepting Plaintiff's factual allegations as true, Plaintiff has plausibly stated a claim for a violation of his First Amendment rights against Defendants Schuck and Sippel.

### b.  Due Process Claim Against Defendants Hume, Bedard, and Artus

Plaintiff alleges that Defendants Hume, Bedard, and Artus violated his right to due process when they resolved his hearing based on "interdepartmental loyalty" rather than a genuine review of the facts. ECF No. 8 at 6. In support of that general allegation, Plaintiff alleges that during his hearing, only one page of the eleven pages of confiscated documents was presented. *Id.* Plaintiff also alleges that Defendant Hume told him certain "fact[s] are irrelevant." *Id.* At the conclusion of that hearing, Plaintiff alleges that he was sentenced to nine months in solitary confinement purportedly for possessing a Wikipedia page and New York Times article about a now-defunct group of Puerto Rican political activists. *Id.* While "the degree of impartiality required of prison hearing officials does not rise to the level of that required of judges generally," prisoners must not be "denied a fair chance to prevail" at such a hearing. *Francis v. Coughlin*, 891 F.2d 43, 46 (2d Cir. 1989). "[I]t is axiomatic that a prison disciplinary hearing in which the result is arbitrarily and adversely predetermined violates [due process]." *Id.* Plaintiff alleges that, because of "interdepartmental loyalty," he had no meaningful chance to prevail at the disciplinary hearing. At this initial screening stage, these allegations are sufficient to sustain his due process claim against Defendants Hume, Bedard, and Artus.

### c. Due Process Claim Against Defendant Olles

In contrast to the claims against Defendants Artus, Bedard, Hume, Schuck, and Sippel, the claim against Defendant Olles cannot proceed. *See* ECF No. 10-4 at 12. Plaintiff alleges that Defendant Olles testified as a witness at his hearing. ECF No. 8 at 6. However, to be liable under § 1983, a defendant must have been personally involved in the constitutional violation, and testifying as a witness at hearing is not sufficient to establish personal involvement. *See Muhammad v. Pico*, No. 02-CV-1052, 2003 WL 21792158, at *16-17 (S.D.N.Y. 2003); *see also Judd v. Guynup*, No. 12-CV-00058, 2012 WL 5472113, at *8 (N.D.N.Y 2012) ("Merely testifying at a disciplinary hearing . . . is insufficient to establish personal involvement."). Generally, the Court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas v. Dixon,* 480 F.3d 636, 639 (2d Cir. 2007). In this case, any amendment would be futile. Defendant Olles was only involved in the alleged violation as a testifying witness, which is not enough. For that reason, pursuant to 28 U.S.C. § 1915(e)(2)(B), Plaintiff's claim against Defendant Olles is dismissed.

## III.   Service

To date, service has not been effected on Defendants Schuck and Sippel. Once a plaintiff is granted permission to proceed *in forma pauperis*, the responsibility for effecting service of the summons and complaint shifts from the plaintiff to the court. *See* 28 U.S.C. § 1915(d); *Wright v. Lewis*, 76 F.3d 57, 59 (2d Cir. 1996). Here the Court granted Plaintiff permission to proceed *in forma pauperis* on September 19, 2014. ECF No. 3. Therefore, it was the Court's responsibility to effect service upon Defendants. Accordingly, this Court finds that there is "good cause" to extend the time in which Plaintiff may serve the summons and an additional 90 days. FED. R.

CIV. P. 4(m); *see  Murray v. Pataki*, 09-1657-pr, 2010 WL 2025613, at *2 (2d Cir. May 24,

2008) (Summary Order) ("As long as the *pro se* prisoner provides the information necessary to

identify the defendant, the Marshals' failure to effect service automatically constitutes 'good

cause' for an extension of time within the meaning of Rule 4(m)) (citations omitted)); *see also*

*Zapata v. City of New York*, 502 F.3d 192, 196-97 (2d Cir.2007) ("We hold that district courts

have discretion to grant extensions even in the absence of good cause.").

## CONCLUSION

For the reasons stated above, Defendants' Motion for Summary Judgment (ECF No. 10)

is DENIED WITHOUT PREJUDICE.  Plaintiff's First Amendment claims against Defendants

Schuck and Sippel, as well as Plaintiff's due process claims against Defendants Artus, Bedard,

and Hume, may proceed.  The Clerk of Court is directed to cause the United States Marshals

Service to serve copies of the Summons, Amended Complaint, and this order upon Defendants

Schuck and Sippel.

IT IS SO ORDERED.

Dated: March 10, 2017
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court